IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| | * | Case No. 20-cr-00047-SAG-1 |
| v. | * | |
| | * | |
| | * | |
| DAMIEN SMITH | * | |
| | * | |
| | * | |
| Defendant | * | |

\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM OPINION AND ORDER OF COURT

This matter is before the Court on the defendant's Emergency Motion to Reopen Detention Hearing (ECF No. 19) (the "Motion"), the defendant's Supplement to Emergency Motion to Reopen Detention Hearing (ECF No. 20) (the "Supplement"), and the government's Opposition to Defendant's Emergency Motion to Reopen Detention Hearing (ECF No. 21) (the "Opposition"). The issues have been fully briefed, and no hearing is necessary. L.R. 105.6. For the reasons stated below, the Motion and the Supplement are **DENIED**.

I. PROCEDURAL HISTORY

On February 5, 2020, a federal grand jury returned an indictment charging the defendant with Possession of a Firearm and Ammunition by a Prohibited Person, in violation of 18 U.S.C. § 922(g); Possession with the Intent to Distribute Controlled Substances, in violation of 21 U.S.C. § 841; and Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c). The defendant appeared for his initial appearance on February 20, 2020, at which he consented to detention. On March 23, 2020, the defendant appeared before this Court for a detention hearing.

## II. DETENTION HEARING

At the detention hearing, the government argued that the defendant should be detained pending trial on the ground of danger to the community. The government pointed out that a presumption of detention applied in this case under 18 U.S.C. § 3142(e)(3)(A) and (B). It proffered the following facts in support of its argument. On October 3, 2019, officers of the Baltimore Police Department observed the defendant exiting an alley in a high-crime area. He was carrying a bag in his arms. The defendant denied having a gun in the bag when asked by the officers. Ultimately, the bag was searched, and the officers found a loaded handgun and 66 vials containing crack cocaine. A search of the defendant's cell phone revealed a photograph of the handgun.

The government also highlighted the defendant's criminal history. In 2004, the defendant was convicted of Controlled Dangerous Substance: Manufacture/Distribute/Dispense Narcotics. He was found guilty of violation of probation in 2005, and in 2010 probation was closed in an unsatisfactory status. In 2005, the defendant was convicted of Firearm Possession with Felony Conviction. That incident occurred while he was on probation for the prior controlled-substance offense. In that case, probation was also closed in an unsatisfactory status in 2010. Also, in 2010, the defendant was convicted of Controlled Dangerous Substance: Possession with Intend to Manufacture/Distribute/Dispense. In 2013, the defendant was convicted in this Court of Felon in Possession of a Firearm. Supervised release in that case terminated in June 2016, about four months before the instant offense. The government thus argued for detention based on danger to the community.

The defendant maintained that conditions of release could be fashioned that would assure both his appearance at future proceedings and the safety of the community. He first reminded

the Court that he is entitled to a presumption of innocence. *See* 18 U.S.C. § 3142(j). He noted that he has suffered from asthma for his entire life and takes medications for that condition. He emphasized his strong ties to the community including the fact that (1) he is a lifelong resident of Baltimore, (2) he maintains daily contact with family, including his children, and (3) he is active in the lives of his children. He asserted that he is not a violent person. Finally, the defendant argued that, because of his detention at CTF, his risk of exposure to COVID-19 is heightened and that he would suffer enhanced complications because of his asthma if he contracted the virus. *See also* Motion for Detention Hearing and to Order Pretrial Release (ECF No. 14).

He proposed several third-party custodians, which were found suitable by the Pretrial Services Office. The defendant recommended that he be released to the custody of a suitable third-party custodian, on home detention with 24-hour electronic monitoring. He also recommended that one of the conditions of release be that he be prohibited from possessing any electronic devices.

After hearing from the parties, the Court reviewed the factors set forth in 18 U.S.C. § 3142(g). The Court made the following observations. This case involved a firearm and a controlled substance. The evidence against the defendant is strong. The defendant has strong ties to the community and strong family support. He is a lifelong resident of the area. He has been employed over the years. He has asthma and has been diagnosed with depression and anxiety. He has a history of substance abuse. The Court also reviewed the defendant's criminal history, which included two prior felon-in-possession convictions, two prior felony controlled-substance convictions, and several violations of probation. The Court also noted that the instant offense occurred four months after supervised release in the prior federal felon-in-possession case had expired. The Court found that, considering the nature of the present offense, the weight

of the evidence against him, and his criminal history, the defendant posed a significant danger to the community if released. The Court considered the defendant's suggestion that the safety of the community would be assured if the Court placed the defendant on very strict conditions of release, including the appointment of a third-party custodian, 24-hour home detention with electronic monitoring, and a prohibition against possessing electronic devices. Ultimately, however, the Court found by clear and convincing evidence that no condition or combination of conditions of release, including those suggested by the defendant, would reasonably assure the safety of any other person and the community. The Court, therefore, ordered that the defendant be detained pending further proceedings. *See* Order of Detention Pending Trial (ECF No. 18). The defendant is presently detained at CTF.

III. ANALYSIS

Under 18 U.S.C. § 3142(f), a detention hearing

> may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

In the Motion, the defendant asserts that he has tested positive for COVID-19 and that this is new and material information that justifies the reopening of the detention hearing. *See* Motion (ECF No. 19 at 1). Indeed, becoming infected with COVID-19 may constitute new information triggering a reconsideration of an order of detention. *See United States v. West*, No. CR ELH-19-0364, 2020 WL 1638840, at *1 (D. Md. Apr. 2, 2020), *aff'd*, No. ELH-19-364, 2020 WL 1820095 (D. Md. Apr. 10, 2020). In the Supplement, however, the defendant retracts and admits that he is actually uncertain whether he has even been tested for COVID-19, let alone actually contracting it. *See* Supplement (ECF No. 20 at 1). Nonetheless, the defendant urges the

4

Court to review its detention order. The defendant asserts that an increase in the number of COVID-19 positive cases at CTF and the D.C. Jail is information not known at the time of the detention hearing, which entitles him to a reconsideration of the order of detention. But for the purported increase in COVID-19 positive cases, the defendant makes the identical argument now that he made at the detention hearing – because of his asthma, he is at in increased risk of complications if he contracts COVID-19 and that the jail authorities are not adequately protecting detainees from exposure to the virus. He does not assert that he has been exposed to anyone who has tested positive or that he has not received adequate medical care. He simply speculates that if he contracts the virus he will suffer complications. As it did at the detention hearing, the government continues to apprise the Court of the precautionary measures employed at CTF to protect detainees from exposure to the virus. Assuming *arguendo* that an increase in the number of COVID-19 positive cases at CTF and the D.C. Jail is the type of new information that would justify a reopening of the detention hearing, the Court finds that it does not have a material bearing on the issue of whether there are conditions of release that will reasonably assure the safety of the community. The Court continues to find that the defendant would pose a serious danger to the community if released and that there are no conditions of release to mitigate that danger. The purported increase in the number of COVID-19 cases does not change the analysis.

    The defendant is charged with serious weapons and controlled-substance offenses. The government's evidence is strong – the defendant was found in a high-crime area in possession of a loaded handgun and 66 vials of crack cocaine. The defendant has been convicted twice before of being a felon in possession of a firearm. He also has been convicted twice before of felony controlled-substance offenses. The first felon-in-possession case occurred while he was on

probation for his first felony controlled-substance offense. The present incident occurred just four months after his term of supervised release expired in the second felon-in-possession case. The defendant clearly knew at the time of the instant offense that he was prohibited from possessing a firearm, let alone a loaded handgun. Yet, he did so while in possession of a significant quantity of crack cocaine packaged for distribution. Simply stated, the Court has no confidence that the defendant will adhere to any conditions of release imposed by the Court, let alone the strict conditions even he suggests.

In that regard, the Court notes that traditional home detention with location monitoring, recommended by the defendant, was an available option up until a few weeks ago, but is not available at this time. Traditional home incarceration with location monitoring requires a probation officer to install a transmitter to the defendant's ankle. That practice, however, does not permit the probation officer to maintain an appropriate social distance, thereby potentially placing the probation officer and the defendant at a higher risk of transmitting the COVID-19 virus. As such, the United States Probation Office has suspended this traditional location monitoring and instead now employs other location monitoring techniques, including SmartLink, VoiceID, and Home Incarceration by Phone. The Court finds that these alternative technologies would not be sufficient in this case to assure the safety of the community. They would not monitor the defendant's location in real time. Rather, they would determine the defendant's location on a periodic basis throughout the day. Further, prohibiting the defendant's use and possession of electronic devices would have to be monitored solely by his third-party custodians. Although the Court has no reason to believe the proposed third-party custodians would not make a good-faith effort to enforce that restriction, it would be easy for the defendant to obtain an electronic device surreptitiously and use it in the residence without the knowledge of the third-

party custodian. For these reasons, the Court does not find that the purported increase in the number of COVID-19 positive cases at CTF and D.C. Jail has a material bearing on whether there are conditions of release that will reasonably assure the safety of the community.

## **ORDER**

Accordingly, it is this 14th day of April 2020, hereby **ORDERED** that the defendant's Emergency Motion to Reopen Detention Hearing (ECF No. 19) and Supplement to Emergency Motion to Reopen Detention Hearing (ECF No. 20) are **DENIED**.

Date: April 14, 2020                                    /s/
                                                        Thomas M. DiGirolamo
                                                        United States Magistrate Judge